Per Curiam.

Section 8, Article XVIII of the Constitution of Ohio, outlines the procedure necessary to frame and adopt a charter for a city or village. Under this constitutional provision, 15 electors are chosen to frame the charter, and “any charter so framed shall be submitted to the electors of the municipality at an election to be held at a time fixed by the charter commission and within one year from the date of its election, provision for which shall be made by the legislative authority of the municipality in so far as not prescribed by general law.”
The pending action was inaugurated in this court less than two months prior to the scheduled special election on April 12, 1960, whereby the electors of the city of Warren were to be afforded the opportunity of adopting or rejecting the charter *222 framed by the charter commission. Such election was not held.
When it was presented to this court on oral argument on April 27, 1960, it became apparent that the matter was not ready for final submission, and counsel were so informed. Thereafter, on May 7, 1960, a stipulation of facts was filed, signed by counsel for relator and for respondents.
On June 1, 1960, the matter was again presented to the court on oral argument, and the situation was then and still is confused.
It is obvious that friction existed between the mayor and certain members of the Warren city council on the one hand and the charter commission on the other. Proposed ordinances for passage by council to place the charter before the electors of the city of Warren for a vote met varying fates. Two of them were enacted and one failed of passage. The one appropriating $5,500 for paying the expenses of the charter commission from unappropriated anticipated receipts of the general funds of the municipality was passed by council but was vetoed by the mayor.
Prom the record before the court, the reasons underlying the actions of council and the mayor are obscure. It is not clear whether those reasons were valid or arbitrary and unfounded.
Section 2731.01, Revised Code, defines “mandamus” as “a writ issued in the name of the state to an inferior tribunal, a corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.” And the right to the writ must be .clear. '
On the state of the record now before this court, we must decline to issue the writ prayed for. More than one year has elapsed since the election of the members of the charter commission, and the Constitution provides that a charter must be voted on within a one-year period.
Section 8, Article XVIII of the Constitution, is plain. If the majority of the voters in a city or village elect a charter commission to frame a charter, those voters should later be given the opportunity of voting on the charter so framed, and the existing legislative authority of the city or village affected is under the constitutionally enjoined duty to co-operate to that end. Unwarranted, illegal or obstructive tactics are not to be *223 tolerated, and in a clear-cnt case, where the facts are presented in an adequate manner and where it is made to appear that the legislative authority is deliberately and wrongfully attempting to thwart the Constitution and the electorate, an action in mandamus brought before a court of competent jurisdiction is a recognizable and proper remedy to afford relief.

Writ denied.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.
Taft, J., dissents.